UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

ERIC ADAMS,

                Petitioner,

  -against-

UNITED STATES OF AMERICA

                Respondent.

------------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**

94-cr-460 (CBA)

**AMON, United States District Judge:**

    Petitioner Eric Adams is a prolific litigator in the federal courts. He has filed myriad challenges to his 1995 conviction under various statutes across multiple jurisdictions. This history has been thoroughly catalogued elsewhere. See, e.g., (D.E. # 210 at 1); Adams v. Davis, No. 12-cv-1862 (CBA), 2015 WL 14091720, at *1-2 (E.D.N.Y. May 13, 2015); Adams v. Wiley, No. 08-cv-00538 (BNB), 2008 WL 1923137, at *1 (D. Colo. Apr. 30, 2008), aff'd 290 F. App'x. 156 (10th Cir. 2008); Adams v. Davis, No. 11-cv-00529, 2011 WL 1930647, at *1 (D. Colo. May 19, 2011), aff'd 433 F. App'x 673 (10th Cir. 2011); Adams v. Davis, No. 04-cv-805 (DRH), 2005 WL 1743836, at *1 (S.D. Ill. July 25, 2005). For the purposes of addressing his motion, it is sufficient to note that none of these challenges has been successful.

    Adams now seeks a writ of mandamus to raise the identical issue he has been pursuing for decades, namely, that this Court lacked subject matter jurisdiction over several counts of his 1994 indictment. (D.E. # 213 ("Mot.") at 3.) For the following reasons, I deny Adams's application.

## I. I Do Not Have Jurisdiction to Enter the Requested Writ of Mandamus.

A writ of mandamus is an "extraordinary remedy." See Napoleon v. Jaddou, 687 F. Supp. 3d 348, 352 (E.D.N.Y. 2023) (citations omitted). A United States District Court has jurisdiction over actions for "mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. To establish jurisdiction under 28 U.S.C. § 1361, therefore, Adams "must show (1) a clear right to the relief sought; (2) a plainly defined and peremptory duty on the part of defendants to do the act in question; and (3) that there is no other adequate remedy available." Napoleon, 687 F. Supp. 3d at 352 (citations and quotations omitted).

Adams has failed to meet any of these requirements. He seeks to have his indictment dismissed because, he argues, the Court "never had subject matter jurisdiction of all 15 charges." (Mot. at 4 (cleaned up).) He has no right to this relief because, as explained in more detail below, the Court did in fact have subject matter jurisdiction over Adams's indictment. Because he has no right to this relief, there is also no plainly defined, nondiscretionary duty to dismiss his indictment and order his release. And "[t]he mere fact that [Adams] has been denied relief under [28 U.S.C.] § 2255 does not establish that this statutory remedy is inadequate or ineffective," nor does "[t]he fact that he is precluded from filing another § 2255 motion in the Eastern District of New York." Adams v. Wiley, 290 F. App'x 156, 157 (10th Cir. 2008); accord Jiminian v. Nash, 245 F.3d 144, 147-48 (2d Cir. 2001) ("We now hold that § 2255 is not inadequate or ineffective . . . simply because a prisoner cannot meet the AEDPA's gate-keeping requirements . . . ."). Adams's argument that the Second Circuit's past denial of his request to file a subsequent petition under 28 U.S.C. § 2255 means that "there exist no other adequate means" to pursue the relief sought is

2

therefore incorrect. (See Mot. at 20.) Adams fails to meet any of the requirements under 28 U.S.C. § 1361.

Further, if Adams's argument is that dismissing his indictment is my nondiscretionary duty—rather than the duty of a government official over whom I could exercise mandamus authority—his application is misdirected. Petitions for mandamus aimed at forcing a district court's hand are properly addressed not to the district court, but to the courts of appeals. See Nat'l Asbestos Workers Med. Fund v. Phillip Morris, Inc., 71 F. Supp. 2d 139, 157 (E.D.N.Y. 1999) ("Courts of appeals can issue writs of mandamus to district judges . . . when necessary to confine '[the district] court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" (alteration in original) (quoting Will v. Calvert Fire Ins. Co., 437 U.S. 655, 661 (1978))).

Accordingly, I do not have jurisdiction to entertain this request for mandamus.

II.     **Adams's Claim Fails on the Merits.**

As outlined above, Adams has been advancing the same claim for decades. Assuming I did have jurisdiction, his claim fails on the merits. None of the many courts that have handled his petitions have addressed the merits of his subject matter jurisdiction argument. I do so now because an analysis of the substance is part of my finding that I do not have jurisdiction to enter a writ of mandamus, and because it is worth explaining to Adams why his argument is without merit.

Adams's years of motions are based on his mistaken belief that his state indictment was improperly removed to federal court. (See Mot. at 9.) This is not what happened. As Adams himself recounts, he was indicted by the state in 1994 before being indicted by the federal government, after which the state dismissed the charges against him. (Id. at 5.) In the telling of

3

the Second Circuit, "when the federal action commenced against [Adams] on May 4, 1994, a parallel state court criminal proceeding was pending against him arising from the same conduct. The state action was dismissed on May 17." Adams v. United States, 372 F.3d 132, 134 (2d Cir. 2004). Adams's federal indictment included fifteen counts for violations of federal—not state— law. The federal proceeding that led to Adams's incarceration, in other words, was wholly separate from the state proceeding. His state case was not removed.

It is commonplace for criminal conduct to result in both state and federal charges. Cf. United States v. Sewell, 252 F.3d 647, 651 (2d Cir. 2001) (explaining, in the context of double jeopardy, that "it is well established that the federal government may prosecute a defendant following a state prosecution arising out of the same events" (quotation omitted)). And it goes without saying that a federal court has jurisdiction over prosecutions for federal crimes. The Court had jurisdiction over Adams at the time of his indictment and at the time of his conviction. His arguments otherwise are grounded in a misunderstanding of the undisputed facts.

Accordingly, Adams's application for a writ of mandamus is DENIED.

SO ORDERED.

Dated: September 12, 2025
Brooklyn, New York

/s/ Carol Bagley Amon

Carol Bagley Amon
United States District Judge